*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* DISQUALIFICATION OF BYRON J. KONSCHUH.

---

JOHN D. MILLER,

      Appellant,

v

BYRON J. KONSCHUH,

      Appellee.

UNPUBLISHED
January 22, 2019

No. 341437
Lapeer Circuit Court
LC No. 17-051183-PZ

Oakland Circuit Court
LC No. 2017-000046-SC

---

Before: LETICA, P.J., and CAVANAGH and METER, JJ.

PER CURIAM.

These proceedings were initiated when appellant, attorney John D. Miller, filed a motion seeking automatic disqualification of Lapeer Circuit Court Judge Byron J. Konschuh in any future matter in which appellant represents a party. Appellant appeals as of right Oakland Circuit Court Judge Shalina D. Kumar's order, entered after referral by the State Court Administrative Office, which "affirmed" the earlier decision of Judge Konschuh to dismiss the motion as premature. We affirm.

## I. BACKGROUND

This case arises out of an ongoing dispute between Judge Konschuh, appellant, and several nonparties, which ultimately resulted in litigation instituted by Judge Konschuh against appellant and others. Judge Konschuh, however, did not initiate this case. Rather, this case is a separate proceeding that appellant initiated by filing a motion in Lapeer Circuit Court to automatically disqualify Judge Konschuh from any future case in which appellant represents a party. Appellant alleged that Judge Konschuh's lawsuit against him was proof that Judge Konschuh had actual, personal bias against appellant and that, as such, it would be improper for Judge Konschuh to preside over any action in which appellant represents a party.

Pursuant to MCR 2.003(D)(3)(a), the matter was initially assigned to Judge Konschuh. Judge Konschuh denied the motion, reasoning as follows:

> [I]t appears that you're requesting that the Court be recused on an automatic reassignment . . . until further order of the court. Based upon the fact that there's simply a motion; no brief, no complaint or answer, no cause of action, no case in controversy; nothing here in which the Court can exercise an opinion that might give rise to the appearance of impropriety[;] its certainly premature, moot, no one has any standing and it's certainly frivolous so you may take an order denying your request and you can request a transcript or whatever you need if you intend to appeal.

Appellant subsequently sought de novo review under MCR 2.003(D)(3)(a)(i). After the Lapeer Circuit Court Chief Judge recused himself, the State Court Administrative Office referred the matter to Oakland Circuit Court Judge Shalina D. Kumar. See MCR 2.003(D)(3)(a)(ii). Judge Kumar then upheld the denial of appellant's motion, reasoning that the issue was not ripe for judicial action.

This appeal followed.

## II. ANALYSIS

Appellant argues that the circuit courts erred by denying his motion for automatic disqualification. We review de novo the circuit courts' application of justiciability doctrines. *Huntington Woods v Detroit*, 279 Mich App 603, 614; 761 NW2d 127 (2008). We conclude that the circuit courts properly denied appellant's motion.

First, appellant has not cited any substantive law in support of his position that an attorney may make a preemptory motion to automatically disqualify a judge in all cases that the attorney appears on. "It is not sufficient for a party simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis of his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position." *Wilson v Taylor*, 457 Mich 232, 243; 577 NW2d 100 (1998) (internal citation and quotation marks omitted). Accordingly, appellant's failure to support his position is sufficient for this Court to deny his appeal.

Second, the powers of the circuit court are limited to genuine cases or controversies. *Huntington Woods*, 279 Mich App at 615. A genuine case or controversy is a "real" and concrete dispute; claims that "rest upon contingent future events that may not occur as anticipated, or indeed may not occur at all" present only hypothetical disputes that are not appropriate for judicial action. *Id.* at 615-616 (internal citation and quotation marks omitted). Here, appellant's motion presents only a conditional argument: *if* appellant represents a client before Judge Konschuh, *then* the client will be denied fair proceedings because of Judge Konschuh's bias against appellant. Thus, appellant's claim is contingent upon him representing a client before Judge Konschuh and will not ripen until the representation has commenced.

Finally, and most importantly, appellant's motion seeks to vindicate a right that is not his. The right to an impartial tribunal is vested in the parties to the controversy, not the attorneys

representing them. Indeed, "[p]arties to the proceeding may waive disqualification even where it appears that there may be grounds for disqualification of the judge . . . so long as the judge is willing to participate." MCR 2.003(E). Accordingly, only a "party" or "the judge" may raise the issue of judicial disqualification. MCR 2.003(B). Thus, the court rules make clear that a motion for judicial disqualification must be tethered to a client's case. Therefore, as already stated, appellant's motion will not ripen until he seeks to vindicate the rights of an existing—not hypothetical—client.

Affirmed.

/s/ Anica Letica
/s/ Mark J. Cavanagh
/s/ Patrick M. Meter